IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KARL ERWIN KING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 119-083 |
| ) | |
| TREVONZA BOBBITT, Warden, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at Baldwin State Prison in Hardwick, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.    BACKGROUND**

Petitioner commenced this action on June 3, 2019, by filing his petition and submitting a motion to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) That same day, the Court denied the IFP motion without prejudice because Petitioner had not provided any of the required financial documentation from the appropriate prison official and instructed Petitioner to submit a complete IFP motion or pay the $5.00 filing fee within twenty-one days. (Doc. no. 3.) Petitioner did not respond.

II.     DISCUSSION

   A.     The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies

The procedural history of Petitioner's underlying case, as well as the exact nature of Petitioner's claims for federal habeas relief, are not entirely clear, but the Court can discern the following. Petitioner states he pleaded guilty to incest in the Superior Court of Columbia County, Georgia, on December 11, 2015, and was sentenced to a twenty-year term of imprisonment and ten years of probation. (Doc. no. 1, p. 1.) Further, Petitioner asserts he filed a motion to withdraw his guilty plea, or in the alternative, to file an appeal on December 23, 2015. (Id. at 3.) Petitioner has not been able to file a direct appeal. (Id. at 14, 15.)

Petitioner claims ineffective assistance of trial counsel in his federal petition, asserting he was not properly informed of either the consequences of his guilty plea or his appeal rights, and he was threatened by counsel with a harsher sentence if he did not plead guilty. (See generally doc. no. 1.) In light of this alleged ineffective assistance, Petitioner asserts his guilty plea was not knowingly and voluntarily entered. (Id. at 6.) Petitioner does not indicate he has pursued any state habeas corpus relief.

   1.     The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available

procedure, the question presented." Id. § 2254(c) (emphasis added).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that

3

[the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### 2.     Petitioner Failed to Exhaust State Remedies

Petitioner does not allege that he has exhausted his state court remedies. (See generally doc. no. 1.) He states he has been unable to file a direct appeal, but there is no indication Petitioner has filed a state habeas corpus petition. (See id.) However, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning an involuntary guilty plea and ineffective assistance of counsel. See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010); Davis v. State, 561 S.E.2d 119, 119-20 (Ga. 2002); Goodwin v. Knighten, 387 S.E.2d 887, 887 (Ga. 1990); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Indeed, Petitioner is apparently aware of the option to petition for habeas corpus relief. (See doc. no. 1, p. 13 (acknowledging petition for writ of habeas corpus available when term of court expired in which guilty plea was entered).) However, Petitioner improperly attempted to circumvent the state habeas courts in favor of moving directly to the federal courts. As explained herein, that leapfrog attempt is improper. Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.

As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

**B.     The Petition Also Should Be Dismissed Because Petitioner Failed to File a Renewed IFP Motion or Pay the $5.00 Filing Fee**

As described above, the Court ordered Petitioner to file a complete IFP motion or pay the $5.00 filing fee and warned Petitioner that failure to comply could result in dismissal of this case without prejudice.  (Doc. no. 3.)  Nevertheless, Petitioner has not submitted a renewed IFP motion or paid the filing fee.  In fact, he has not communicated with the Court at all since filing his petition.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837

(11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Thus, even if Petitioner had exhausted state remedies, which he has not, his case is also subject to dismissal for failure to pay the filing fee or submit a renewed motion to proceed IFP.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of July, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA